■ In the Matter of A. VIVIEN JENKINS, Respondent, v. DEPARTMENT OF SOCIAL SERVICES OF THE CITY OF NEW YORK et al., Appellants, and GEORGE K. WYMAN, as Commissioner of the New York State Department of Social Services, Intervenor-Appellant.— Judgment, Supreme Court, New York County, entered August 4, 1970, unanimously reversed, on the law, without costs and without disbursements, and the petition dismissed. The petition is grounded on section 79-a of the Social Services Law which provides for increased salaries to case workers and other social service personnel who have suitable graduate training approved by the Department of Social Services. The statute became effective January 1, 1966. Petitioner was employed by the Department of Social Services of the City of New York prior to January 1, 1966. Effective September 2, 1965, the New York City Department of Welfare Procedure 65–41 was promulgated providing for differentials to those who had completed postgraduate courses toward a Master of Social Work degree in a recognized school of social work. The statute relied on by petitioner expressly excludes from its operation the Welfare Department of the City of New York which, the statute provides, "appears to have a satisfactory, alternative, plan for achieving the objectives of such sections". Were it not for the said statutory proviso, we would conclude that the administrative determination reflected in the New York City Department of Welfare procedure is a reasonable exercise of administrative authority

and consistent with the statute. (See *Matter of Sigety* v. *Ingraham*, 29 N Y 2d 110; *Matter of Howard* v. *Wyman*, 28 N Y 2d 434.) Moreover, the administrative determination is expressly approved in the statute relied on by the petitioner. Concur — Markewich, J. P., Nunez, McNally and Tilzer, JJ.